[Crim. No. 1174. First Appellate District, Division One.—February 5, 1925.]

THE PEOPLE, Respondent, v. JOHN MILLER, Appellant.

[1] CRIMINAL LAW — BURGLARY OF FIRST DEGREE — EVIDENCE. — In a prosecution for burglary of the first degree, the conviction of defendant will be upheld where it was established, without question, that the complaining witness was asleep in a particular room when the defendant entered and took therefrom the complaining witness' overalls, containing his watch and other belongings, notwithstanding that there was no evidence to prove that the defendant was armed, or that he committed any assault while perpetrating the crime.

[2] ID.—INSTRUCTIONS.—The refusal to give requested instructions is justified where the subject matter thereof is fully covered by other given instructions.

(1) 9 C. J., p. 1022, n. 13, p. 1030, n. 84.    (2) 16 C. J., p. 1063, n. 85.

APPEAL from a judgment of the Superior Court of Alameda County and from an order denying a new trial. Lincoln S. Church, Judge. Affirmed.

The facts are stated in the opinion of the court.

John Miller, in pro. per., for Appellant.

U. S. Webb, Attorney-General, and Wm. F. Cleary, Deputy Attorney-General, for Respondent.

KNIGHT, J.—The defendant John Miller was convicted by a jury of the crime of first degree burglary and has appealed from the judgment of conviction therein and from the order denying his motion for a new trial.

The record discloses the following facts: On the night of August 24, 1923, Bert Richter, a locomotive fireman, while sleeping in one of the bedrooms of a lodging-house situated on Seventh Street, Oakland, was awakened about midnight by the electric light in the hall shining through the doorway leading from said hall into his room. Looking up, he observed the form of a man passing out of his room through said doorway into the hall. He then heard the man proceed

up the hall toward the rear of the house to the bathroom. Richter immediately reached out to a chair which was standing at the head of his bed, to ascertain if his clothes, which he · had placed there upon retiring, had been disturbed; finding that his overalls, which contained his watch and other personal belongings had been stolen, he arose from the bed, put on his trousers, and stood at the doorway just inside of his room awaiting the return of this person from the bathroom. The defendant, who was a stranger and not a roomer in the house, soon came down the hall from the bathroom, and opening the door of Richter's room quietly was just about to enter, when Richter grabbed him, charged him with the theft, and demanded the return of his, Richter's watch. The defendant denied having been in the room or having possession of the watch. Richter thereupon took the defendant across the hall, into a room occupied by another locomotive fireman, and in the presence of defendant and the other fireman, again charged defendant with the theft and demanded the return of said watch. Again the defendant denied his guilt or that he had the watch. Richter then told defendant that if the watch was not surrendered he, Richter, would take it away from him; whereupon defendant produced the watch and handed it to Richter. The latter then asked defendant where the overalls were and defendant replied that they were in the bathroom. Richter then accompanied defendant to the bathroom, where Richter's switch key and the other articles belonging to him were found. Soon afterward the defendant was turned over to the police, to whom he admitted his guilt, and attempted to explain his conduct upon the ground that he was intoxicated. This latter assertion, however, was disputed by other witnesses. When the defendant was searched at the prison, a railroad watch inspector's card, belonging to Richter, and which had been taken from the overalls, was found in defendant's pocket. No defense was offered at the trial by the defendant.

[1] The first contention made upon the appeal is that there is no evidence to prove that the room burglarized was at the time inhabited or that defendant, while engaged in the perpetration of the crime, committed any assault upon any person or was armed; that therefore there was insufficient evidence upon which to base a verdict of burglary of

the first degree. The point is wholly without merit. While there was no evidence to prove that the defendant was armed, or that he committed any assault while perpetrating the crime, it was established, without question, that Richter was asleep in this particular room when the defendant entered and took therefrom Richter's overalls containing his watch and other belongings.

Defendant's second contention is that the court erred in refusing to give three instructions and in modifying a fourth one, proposed by defendant. [2] The refusal to give the instructions in question was justified, however, because the subject matter thereof was fully covered by other instructions which the court gave. For instance, defendant's proposed instruction number 28, which was refused (erroneously designated in appellant's brief as number 26) related to the doctrine of reasonable doubt, in connection with circumstantial evidence. That doctrine was several times alluded to and elaborated upon in the court's charge, particularly as set forth on pages 28, 30, and 31 of the clerk's transcript. Defendant's proposed instruction numbered 38, also refused, set forth that the defendant was charged with burglary, and it concluded with this sentence: "The crime of larceny is not included in the charge." The very next instruction, however, number 39, proposed by defendant, and which the court gave, covered the entire matter. It is as follows: "The defendant is not on trial for larceny or for any offense other than burglary. Burglary is the only charge he is required to meet upon this trial, and unless you are satisfied beyond all reasonable doubt from the evidence in this case that he committed the crime of burglary as charged in this information you must find him not guilty." When originally proposed this last instruction contained the additional sentence: "This will be so even though you believe that he has been guilty of larceny," which the court refused to give, and rightly so, because the effect of the sentence stricken out was incorporated in defendant's instruction number 39 above quoted.

Defendant has not specified in his brief which of the two instructions appearing on page 24 of the clerk's transcript he claims it was error for the court to refuse. The first one relates to the element of intent essential to constitute burglary; the other, to the fact that defendant was not on trial

for larceny. We have examined both instructions, however, and find that each was properly refused. The matter of intent was abundantly covered by the court in its charge, and, as already pointed out, the proposition that the defendant was not on trial for, nor answerable to, the charge of larceny, was made perfectly clear.

The record is free from error and therefore the judgment and order appealed from are affirmed.

Tyler, P. J., and St. Sure, J., concurred.