[Crim. No. 3095.   First Dist., Div. Two.   July 26, 1955.]

THE PEOPLE, Respondent, v. HERSCHEL L. BRANCH, Appellant.

Wilfred J. Harpham, under appointment by the District Court of Appeal, and Harpham & Holt, for Appellant.

Edmund G. Brown, Attorney General, Clarence A. Linn, Assistant Attorney General, and Victor Griffith, Deputy Attorney General, for Respondent.

DOOLING, J.—Appellant was convicted by a jury of violating section 11500, Health and Safety Code (possession of a narcotic). On the night of July 1, 1954, four federal narcotics agents approached appellant and his wife in the vicinity of Grove and Fillmore Streets in San Francisco. One of the agents testified that as they approached him appellant started to run and tossed something into the street. The agents searched the street and found a bindle of narcotics. The agents impounded appellant's car and took him to the Federal Office Building where he was fingerprinted. After taking him to his apartment, which they searched, the agents took him to the city prison and surrendered him to the custody of the city and county authorities.

This appeal is presented by counsel appointed by this court at appellant's request.     Counsel's main argument is that because appellant was arrested by federal officers and because under 18 U.S.C.A., rule 5(a), it is the duty of such officers to take the person arrested without unnecessary delay before the nearest available United States commissioner or other officer empowered to commit persons charged with offenses against the laws of the United States the federal courts had exclusive jurisdiction over appellant's person to the exclusion of the courts of the State of California.

While counsel has shown commendable zeal and diligence in the development of this argument it fails to convince us. This is not a contest for jurisdiction over the person between a federal court which first acquired it and a state court later attempting to exercise it in opposition to the federal court, as in *Ableman* v. *Booth,* 62 U.S. 506 [16 L.Ed. 169] and *Tarble's Case,* 80 U.S. 397 [20 L.Ed. 597], most strongly relied upon by appellant. The federal court here never acquired actual jurisdiction since appellant was never in fact taken before a United States magistrate. Whether the federal agents were derelict in their duty in not bringing appellant before a

United States magistrate is no concern of the state courts. He had committed a crime under state law and he was regularly charged in the state courts with its commission. Whether or not the federal courts could have asserted a prior jurisdiction over his person by reason of his original arrest by federal agents, those courts did not in fact do so. We cannot see how appellant can claim injury by the failure of the federal authorities to assert whatever prior claim to jurisdiction they may have had under the circumstances.

■ Appellant complains of the conduct of the district attorney in certain particulars. No objection was made in the trial court to the several statements of the district attorney now complained of, and they are not of such a character that an admonition of the court to the jury could not have cured the error if any. They are for this reason not open to appellant on appeal.

■ One of the agents testified that they were investigating appellant on the night of his arrest because of a tip they had received from an· informer. His conviction was based on evidence of the arresting officers that he threw away a package in their presence which was found to contain narcotics. There is no force in the contention that he was deprived of any rights because not confronted by the undisclosed informer. Additionally, no such contention was made in the trial court, where if at all the informer's identity might have been disclosed.

■ Appellant is a Negro and his wife a Caucasian. They were both witnesses. Appellant can have suffered no prejudice by a question, apparently asked in good faith, as to whether an acquaintance whom the wife testified they were on their way to visit when appellant was arrested was a "a colored person rather than a Caucasian."

Judgment affirmed.

Nourse, P. J., and Kaufman, J., concurred.

A petition for a rehearing was denied August 10, 1955, and appellant's petition for a hearing by the Supreme Court was denied August 25, 1955.