[Crim. No. 5645.   Second Dist., Div. One.   Oct. 16, 1956.]

THE PEOPLE, Respondent, v. CLEON MONTGOMERY,
Appellant.

Gladys Towles Root for Appellant.

Edmund G. Brown, Attorney General, and Norman H.
Sokolow, Deputy Attorney General, for Respondent.

DORAN, J.—Defendant is charged with burglary with
two prior convictions. The priors were admitted. A jury
trial resulted in a conviction of second degree burglary. De-
fendant appeals from the "judgment sentence." Since no
appeal lies from the sentence, the purported appeal therefrom
must be dismissed. (*People* v. *Douglas*, 141 Cal.App.2d
33, 34 [296 P.2d 1].)

Appellant contends that the "People failed to establish
a corpus delicti," that the evidence was insufficient and that
a motion for a new trial was improperly denied.

The facts, as recited in respondent's brief, are as follows:

"At approximately 4:10 a. m. on June 7, 1955, two officers
of the Los Angeles Police Department encountered appel-
lant and Eddie Lee Sales in an alley in the rear of an apart-

ment house at 4054 South Central. Appellant was in the process of taking a brass roller out of the back of his car. He and Sales had been riding in this car. When appellant saw the police, he walked to the rear of the car, removed a jack from the trunk and started to jack up the car. The police asked appellant if he was going to change a flat tire. He said no, that he was going to rotate his tires. Sales continued taking other pieces out of the car. A large gear and some brass rollers and pieces of brass pipe were observed in the back seat of the car. (The officers at the scene were Conroy and Doss.)

"When the police asked appellant what he was doing in the alleyway, he said he was going home and that he lived there in the apartment building. He did not know the address, however. Subsequently, the police found that he lived some 35 blocks away.

"In reply to questions as to the source of the items in the car, appellant stated that he had bought them from a man at a foundry. . . .

"The gear in the back of the automobile had a tag 'United Piece Dye Works, 5000 Long Beach.' This address was about 14 or 15 blocks from where the officers encountered appellant. . . .

"Walter Wigglesworth, the chief engineer of the United Piece Dye Works, identified the heavy brass gear as part of a stock of spare parts that were kept in a wooden building in the rear of the premises. This building was Mr. Wigglesworth's storehouse. The gear was one of the items found in the rear of the automobile appellant and his companion were unloading the night of the arrest. Various brass rollers and pipes were kept in this building. A few days earlier, when Mr. Wigglesworth had last been in there, the building was intact and the heavy brass gear was present. Upon his examination of the building at 8:00 a. m., June 7, 1955, Mr. Wigglesworth saw a hole in the wall, large enough for a man to crawl through, and found that the heavy brass gear and some brass rollers and pipes were missing. (Beside the gear, several brass rollers and pipes were found in appellant's and Sales' automobile.)

"Mr. Wigglesworth had given no permission to anyone to take the gear nor to break a hole in the building.

"The assistant to the chief engineer, Bert Nold, had a key to the building, as well as Mr. Wigglesworth. He gave no permission to anyone to break into or take anything from the

building. He found two holes in the building, each about two feet by three, the morning of June 7, 1955, and missed a gear similar to the one marked People's Exhibit No. 1.

"Officer R. B. Dougherty of the Los Angeles Police Department had a conversation with appellant the morning of June 8, 1955, in connection with the case at bar, in which appellant stated: 'I won't cop out to no burglary because it wasn't a burglary. I will cop out if I can get County Jail time.' "

■ That the evidence is sufficient, as a matter of law, there is no question. The record establishes, as recited in respondent's brief, that "The testimony of Officer Conroy reflected that appellant was found in possession of the subject of the crime, the brass gear, rollers, and pipe.

"Officer Dougherty testified that appellant offered to 'cop out' if he could be sentenced to the County Jail.

"Appellant gave conflicting accounts to the police of where the property was obtained. He gave still another version at the trial. He made a false statement as to where he lived. When he first saw the police, he stopped unloading the gear from the car and jacked up the car, with the explanation that he was going to rotate the tires. This, despite the fact that it was 4:10 a. m.

"The foregoing circumstances of possession and of acts indicative of a consciousness of guilt sufficiently support appellant's conviction."

In the light of the record, it does not appear that denial of the motion for a new trial was error.

The attempted appeal from the sentence is dismissed. The judgment is affirmed.

White, P. J., and Fourt, J., concurred.