[Crim. No. 3238.   First Dist., Div. One.   June 11, 1957.]

THE PEOPLE, Respondent, v. TOM SHEELEY, Appellant.

612

S. Bruce Scidmore, under appointment by the District Court of Appeal, and Spencer & Scidmore for Appellant.

Edmund G. Brown, Attorney General, Clarence A. Linn, Assistant Attorney General, Raymond M. Momboisse, Deputy Attorney General, J. F. Coakley, District Attorney (Alameda), and Jay Martin, Deputy District Attorney, for Respondent.

WOOD (Fred B.), J.—Convicted of forgery, a violation of section 470 of the Penal Code, defendant does not question the sufficiency of the evidence at the trial. He claims (1) insufficiency of evidence at the preliminary examination because, he asserts, without the use of his extrajudicial statements there was no proof of the corpus delicti, and (2) prejudicial error in the admission of certain checks assertedly not related to the offense charged.

AS TO THE PRELIMINARY EXAMINATION

The state claims (1) that by not applying for a writ of prohibition within the time limited by section 999a, Penal Code, defendant lost his right to review the trial court's order denying his motion to set the information aside for lack of competent evidence of reasonable or probable cause; (2) that defendant can not now urge it upon appeal because he does not and can not show that he was prejudiced by the

denial of that motion; and (3) at the preliminary hearing sufficient evidence of the corpus delicti was adduced without the use of defendant's extrajudicial statements. We are convinced that the state's third point is good. Therefore, we need not consider its other two points.

■ At the preliminary hearing the corpus delicti was sufficiently shown by the following evidence: A check was in circulation purportedly signed by "K. R. Lomison" as maker against the account of "Atlas Box Co., 879 Bryant Street, San Francisco, Calif." with the "Bank of America, Twenty Second and Mission Street, San Francisco, California" (identified as No. "11-57") in favor of "Thomas M. Dowson" as payee. It was not the check of the Atlas Box Company of San Francisco. No one by the name of Lomison was employed by that company or authorized to sign its checks and no one named Thomas M. Dowson was employed by it. There was no Bank of America at 22d and Mission Streets and no such ABA number as 11-57. A beer salesman testified that he received this check in payment for a beer delivery. This evidence went in by testimony of one of the owners of the Atlas Box Company, the beer salesman, and an inspector in the Oakland Police Department. That evidence, together with the inferences that reasonably could be drawn from it, sufficiently proved the corpus delicti without use of any of defendant's extrajudicial statements.

■ The corpus delicti may be established by circumstantial evidence and inferences that may be drawn therefrom. (*People* v. *Stuart*, 116 Cal.App.2d 820, 823 [254 P.2d 583].)

■ The identity of the offender is not a part of the corpus delicti. (*People* v. *Harmon*, 117 Cal.App.2d 511, 514 [256 P.2d 340].) Where the corpus delicti is established by independent evidence, defendant's extrajudicial statements may be used to show the surrounding circumstances and to establish the degree of the crime committed (*People* v. *Miller*, 37 Cal.2d 801, 806 [236 P.2d 137]) and to identify the defendant as the culprit (*People* v. *Harmon, supra,* at pp. 513-514 and 514-515). (Additional authorities upon each of these points are cited in 8 Cal.Jur., Crim. Law, §§ 247, 248, 303, and supplements thereto.)

### As to the Other Checks Admitted in Evidence at the Trial

■ Two checks bearing a certain similarity to the check in suit were introduced in evidence over defendant's objec-

tion that a proper foundation had not been laid. He claimed there was no showing that defendant had anything to do with them. The prosecution said the purpose of the offer was to show a common scheme, design or device in the modus operandi.

These checks were in format and style of printing quite like the check in suit. Each also bore the ABA Number 11-57 though drawn on different banks. There was some similarity in the typed portion of each and "K. R. Lomison" was the purported maker of one of them.

■ In addition, the police inspector testified that he showed the defendant "some fictitious printed-up checks," including the two in question, and asked defendant if he recognized these two and he said, "Yes, they were made on the same press that we had up in Oregon." He said the press was taken from him and his partners in Portland; he did not deny having passed the check in suit; asked if he did or not, he said "Well, what is the difference, you have got me sewed up anyway." Later defendant said that he knew lots of people in the business, check business, and if he could make some kind of a deal with the District Attorney's office and someone high, he would be able to give names and addresses, or names of people involved in the business; he knew a lot of them and he had been involved in it since about 1945 himself; that is what he said. But defendant denied having printed the checks, saying "they were printed before we got the press." In none of these conversations did defendant deny having passed the check in suit.

This testimony of the inspector went in without objection. His unchallenged statement that these two checks were fictitious, the similarities which they bore to the check in suit, coupled with defendant's admissions, furnished a basis for inferences concerning defendant's knowledge of the fictitious character of the check in suit, and thus a foundation for their admission in evidence. (See *People* v. *Torres,* 140 Cal.App.2d 751, 755 [295 P.2d 904]; *People* v. *Sykes,* 44 Cal.2d 166, 170 [280 P.2d 769].) Moreover, the formal introduction of these two checks in evidence added very little to the testimony that went in without objection, and therefore could not have been prejudicial.

The judgment and the order denying a new trial are affirmed.

Peters, P. J., and Bray, J., concurred.