[Crim. No. 5760. Second Dist., Div. Three. July 31, 1957.]

THE PEOPLE, Respondent, v. HERMAN JONES et al., Appellants.

Herman W. Jones and Robert Clayton, in pro. per., for Appellants.

Edmund G. Brown, Attorney General, and Herschel T. Elkins, Deputy Attorney General, for Respondent.

VALLÉE, J.—Defendants were accused in an indictment with selling heroin. (Health & Saf. Code, § 11500.) The indictment was amended to charge defendant Clayton with a prior conviction of violating section 11160 of the Health and Safety Code (now § 11500), a prior conviction of a conspiracy to violate section 11500, and a prior conviction of petty theft with a prior conviction of a felony. Each defendant pleaded not guilty and Clayton denied the prior convictions. The minutes of the trial court show that defendant Jones denied a prior conviction but the record in this court does not show a charge of a prior conviction against him. Each defendant waived a trial by jury. The court found each defendant guilty as charged. No finding was made on the charges of prior convictions. Defendants appeal from the judgments. Jones has filed briefs. Clayton has not. The only contention made is that the evidence is insufficient to support the findings of guilt.

There was evidence of the following facts: On February 15, 1956, Police Officer Means, in company with an informer, met Jones in a grill in Los Angeles. Means said to Jones, ''I'd like to pick up some stuff.'' Jones replied, ''How much do you want?'' Means said, ''A half spoon.'' Jones said, ''I've got that, too, and it's good white stuff.'' Means said, ''Well, let's deal, then.'' Jones said, ''We don't need everybody. One of you come with us. One of you come with me.'' Jones and the officer then left the grill and Jones said, ''One, two, three?'' Means said, ''Just one.'' The officer and Jones walked into the La Jolla Hotel next to the news rack where Clayton was standing. Jones walked up to Clayton and said, ''Give me a half spoon.'' Clayton reached

into his pants pocket and took out an orange colored balloon and handed it to Jones. Jones took the balloon and said to Means, "Give me the bread." Means then gave Jones $12 in currency. Jones handed Means the balloon. The balloon contained heroin. Means told Jones he might "be down on a week end to pick up again." Jones gestured toward Clayton and said, "He's always around here. He just lives around the corner."

Jones denied ever having seen Officer Means before the officer testified; denied having had any transaction with Clayton except to bring him (Clayton) downtown from Main and 47th Street for $1.50; and denied having had any heroin. He admitted having been convicted of second degree burglary in 1952 or 1953. Clayton testified that Jones brought him downtown for $1.50; denied having any heroin in his possession or giving any to Jones. He admitted having been convicted of possessing marijuana in 1942, of petty theft with a prior conviction in 1944, and of conspiracy to violate section 11500 of the Health and Safety Code in 1947.

 The argument here goes solely to the weight to be given the testimony of Officer Means, a matter with which we have no concern. The only question before the trial court was one of fact. No question of law was presented. The evidence, contrary to defendants' contention, as to the transaction between Jones and Clayton and between Officer Means and Jones, was direct—not circumstantial. The court chose to believe the officer. The fact that the officer's testimony was not corroborated is of no consequence on appeal. The evidence supports the judgments.

 As said in *People* v. *Newland,* 15 Cal.2d 678, (p. 681 [104 P.2d 778]):

"The court on appeal 'will not attempt to determine the weight of the evidence, but will decide only whether upon the face of the evidence it can be held that sufficient facts could not have been found by the jury to warrant the inference of guilt. . . . The determination of a charge in a criminal case involves proof of two distinct propositions: First, that the offense charged was committed, and second, that it was perpetrated by the person or persons accused thereof. . . .

 We must assume in favor of the verdict the existence of every fact which the jury could have reasonably deduced from the evidence, and then determine whether such facts are sufficient to support the verdict.' If the circumstances reasonably justify the verdict of the jury, the opinion

of the reviewing court that those circumstances might also reasonably be reconciled with the innocence of the defendant will not warrant interference with the determination of the jury."

The rule thus stated is applicable where a jury is waived and the cause is tried by the court.

Jones says the arrest was made four months after the alleged sale and for that reason it was improper. The record is silent as to when the arrest was made. An asserted fact not appearing in the record may not be considered on appeal.

The judgments are affirmed.

Shinn, P. J., and Wood (Parker), J., concurred.