[Crim. No. 2772.   Third Dist.   Mar. 4, 1958.]

THE PEOPLE, Respondent, v. HERMAN COLE, Appellant.

John P. Carson, under appointment by the District Court of Appeal, for Appellant.

Edmund G. Brown, Attorney General, and Doris H. Maier, Deputy Attorney General, for Respondent.

PEEK, J.—Defendant appeals from a judgment of conviction of grand theft, and from the order denying his motion for a new trial.

By an information filed by the district attorney of Sacramento County defendant was charged in Count I with burglary, in Count II with grand theft and additionally was charged with two prior felony convictions. He pleaded not guilty to the substantive offenses and admitted the prior convictions. At the conclusion of the trial the jury returned verdicts of guilty on each count. Probation was denied, as was his motion for a new trial. The motion of the district attorney to dismiss Count I was granted, and upon its own motion the court dismissed the two prior convictions.

Summarizing the evidence in the light most favorable to the respondent, it appears that a tape recorder was taken from a store operated by Herman Faig without his consent. His testimony was that as he walked from the rear to the front of his store he noticed a colored man he could not identify just outside the front door. This person was carrying a heavy object which he placed in a car parked with its motor running at the curb. He described the car as a "beat up . . . about a 1940" sedan. In the car was another colored man he could not identify. Immediately thereafter he discovered that the tape recorder which had been on a table a few feet from the door was missing. Its retail price was $254.95 and the wholesale price $175. Later that morning the defendant and his companion were arrested by the police. The car in which they were riding was a dark bluish-green 1939 Chrysler sedan. When first questioned by the officers defendant denied the theft of the recorder. That same afternoon the officers recovered the tape recorder in a storage room in the rear of Jim Doyle's Barber Shop in Sacramento. The proprietor, when taken to the police station, identified the defendant as the person from whom he had purchased the recorder earlier that day. At this point the defendant stated to the officers, "Well,

I am dead. I took it.'' The defendant then gave a statement to the officers in which he admitted that he and his companion had been driving in the Oak Park area of Sacramento that morning looking for something to steal; that he stole the particular recorder and took it to Doyle who purchased it for $45. The defendant's companion related substantially the same story, and when the defendant was confronted with the statement it was not denied.

In defendant's opening brief which he filed on his own behalf it was contended that the court erred in admitting his extrajudicial statement to the officers prior to the establishment of the corpus delicti of the crime, and that the evidence was insufficient to sustain his conviction on the charge of grand theft since there was no identification and no evidence connecting him with the charge except his erroneously admitted statement.

Defendant's argument in this regard is primarily addressed to the sufficiency of the evidence to sustain a charge of burglary. Further argument along this same line is made in the supplemental brief filed by counsel who was appointed by this court pursuant to defendant's request. Even assuming the validity of such argument, the charge of burglary was dismissed, and hence defendant's contention is without merit. In his reply brief he applies the same argument to the charge of theft. ▪ The crime of grand theft is complete when a person takes property not his own with the intent to take it (*People* v. *Corenevsky*, 124 Cal.App.2d 19, 23 [267 P.2d 1048].) Nor is it necessary that anyone see him take it. (*People* v. *Lancellotti*, 147 Cal.App.2d 723, 729 [305 P.2d 926].) ▪ Here the record shows conclusively that a tape recorder was missing from Mr. Faig's store. Immediately prior to the discovery of the loss Faig saw a colored man carrying a heavy object to a parked car; he had given no one permission to take the recorder; and the recorder was recovered at a barber shop whose proprietor stated to officers in defendant's presence that defendant had sold it to him. Defendant made no denial of the statement. It would thus appear that all of the essential elements of the crime were established (see *People* v. *Kross*, 112 Cal.App.2d 602 [247 P.2d 44]) prior to the admission of the defendant's extrajudicial statement.

▪ It may also be noted that ''the corpus delicti may be established by circumstantial evidence and inferences that may be drawn therefrom. [Citation.] ▪ The identity of the offender is not a part of the corpus delicti. [Citation.]

■ Where the corpus delicti is established by independent evidence, defendant's extrajudicial statements may be used to show the surrounding circumstances and to establish the degree of the crime committed [citation] and to identify the defendant as the culprit [citation].'' (*People* v. *Sheeley*, 151 Cal.App.2d 611, 613 [311 P.2d 883].) It follows that Faig's testimony which is attacked because of his lack of identification of defendant was properly admitted to establish the corpus delicti of the theft as was, thereafter, defendant's extrajudicial statement to identify him as the perpetrator thereof, all of which was amply sufficient to support his conviction of the crime charged.

■ Defendant also contends that the testimony of Officer McAlexander was untrue, contradictory and uncorroborated. Questions as to the weight of the evidence and credibility of the witnesses are matters for the jury and not for this court on appeal. (*People* v. *Newland*, 15 Cal.2d 678 [104 P.2d 778].)

■ Defendant's further contention that the testimony was uncorroborated is likewise without merit since the testimony of one witness, if believed by the jury, was sufficient to support the conviction. (*People* v. *Jones*, 153 Cal.App.2d 41, 43 [314 P.2d 93].)

The judgment and order are affirmed.

Van Dyke, P. J., and Schottky, J., concurred.