[Crim. No. 3470.   First Dist., Div. One.   Nov. 7, 1958.]

THE PFOPLE, Respondent, v. IKE MOSELY, Appellant.

Paul Friedman, under appointment by the District Court of Appeal, for Appellant.

Edmund G. Brown, Attorney General, Clarence A. Linn, Assistant Attorney General, and Richard S. L. Roddis, Deputy Attorney General, for Respondent.

BRAY, J.—Defendant was convicted by a jury of violation of section 11500, Health and Safety Code (selling heroin). He appeals from the judgment.*

QUESTIONS PRESENTED

1. Sufficiency of the evidence of identification.

2. Should the court of its own motion have continued the case to enable defendant to call a witness without any indication that defendant desired to do so?

3. Was defendant restricted in cross-examination of a witness?

4. Was defendant inadequately represented by counsel of his own choosing?

FACTS

James Shepherd, a Hayward police officer, was working for the State Bureau of Narcotics as a volunteer undercover agent. Shortly after midnight he was standing in front of the De Luxe Bar in San Francisco conversing with two persons. One was Frank Allen, whom he knew. The other was John Keeys, who was also employed as an undercover agent by the bureau. Neither Shepherd nor Keeys knew that the other was an agent. Keeys was carrying a bongo drum. Shepherd saw defendant walking along the sidewalk and

---

*He admitted a prior conviction of violating the same section.

nodded to him. Defendant beckoned to Shepherd and Allen who then joined him. As the three walked along defendant asked the two if they had been talking to the man with the bongo. They said they were passing the time of day with him. Defendant then stated that they should be careful of Keeys because defendant had heard that he was a police agent. Shepherd then asked defendant if he knew where Shepherd could get narcotics. Defendant said he did not have any but could get some. Shepherd indicated that he would like a "spoon," which is a measure of heroin then selling for about $35. Shepherd gave defendant $35. Defendant told Shepherd that he could not go with defendant to get it, but to wait for him in the nearby Ellis Hotel bar. Shepherd and Allen waited in the bar. In about 5 to 10 minutes defendant returned. He and Shepherd walked over toward the juke box in the corner. There defendant gave Shepherd "a small bindle, a white paper," which contained two grains of heroin. After a beer and some conversation the parties separated. The arrest did not occur until some three months later.

1. *Identification.*

The contention that the evidence of identification is insufficient is based, not upon any lack of identification of defendant by Shepherd, but upon the claim that Shepherd did not know and could not have known defendant's name, particularly at the time when, some hours after the purchase, Shepherd wrote defendant's name on the envelope in which he put the bindle. This claim is totally unfounded and seems to be made primarily upon the ground that Shepherd testified on cross-examination that he had never prior to the incident in question had a conversation with defendant nor was defendant ever introduced to him as Ike Mosely. Shepherd testified that he had seen defendant in the district where the purchase was made several times before it took place. Defendant had been pointed out to him by several persons from whom Shepherd had made "buys." Defendant was pointed out to Shepherd by Allen who pointed out to him people whom Allen said "probably had some stuff." Shepherd was never asked directly if he had known defendant's name at the time of the purchase. However, both plaintiff's and defendant's counsels in questioning Shepherd referred to defendant as "Ike Mosely" rather than "defendant." For example, defense counsel: "Q. You say you can recall Allen pointing out Ike Mosely

to you?'' Moreover, Shepherd likewise principally referred to defendant as ''Mr. Mosely,'' although occasionally he referred to ''the defendant.'' Shepherd was not asked to point out the defendant in court. However, a reading of the transcript shows that there can be no question but that defendant is the person Shepherd testified sold him the heroin.

## 2. *Continuance.*

■ Defendant's argument on this contention is fragmentary and specious. Apparently he contends that when it appeared that plaintiff was not calling Allen as a witness,* the court of its own motion should have ordered a continuance to enable defendant to subpoena Allen. No request therefor was made. The court was under no duty to order a continuance for this purpose without its being requested. The court had the right to assume that defendant and his attorney would know whether or not a continuance for this or any other purpose was desired.

## 3. *Restriction of Cross-Examination.*

■ Shepherd testified that some 10 days prior to the purchase he was told by the Narcotic Division to circulate in the Fillmore district and was given $100 in paper money. On cross-examination defendant asked him the denomination of the bills. The court sustained objections to two questions on this subject. The witness was not asked concerning the money he had when 10 days later he gave defendant the $35. There was no error in the court's action. Obviously the denomination of the bills Shepherd had so long before the purchase was immaterial.

■ On another occasion defendant asked Shepherd if Allen had ''a record.'' Shepherd answered that he did not know. Thereupon, defendant asked if Allen then was in jail or prison. The court sustained an objection to this question as being immaterial. Present defense counsel contends that the question might have been asked for the purpose of enabling defendant to locate Allen. However, it is apparent from the context that it was asked to get before the jury the fact that Allen was in jail, if that were the fact. At no other time did defendant ask the present whereabouts of Allen. There was no error in the court's ruling.

*The prosecution is under no duty to call any particular witness. See *People* v. *Branch,* 134 Cal.App.2d 572, 574 [286 P.2d 39]; *People* v. *O'Neill,* 78 Cal.App.2d 888, 892 [179 P.2d 10].

## 4. *Representation.*

Here the only specification of inadequacy on the part of defense trial counsel is the contention that he should have requested a continuance to subpoena Allen. Certainly the trial counsel, who must have been in consultation with defendant, was in a better position to know whether such a move would have been in defendant's interests than counsel on appeal whose only knowledge is the fact that the record shows that Allen was not called as a witness. Unfortunately the trial judge made an intemperate remark when defense counsel was cross-examining Shepherd concerning the location of the Ellis Hotel bar with reference to the place where Shepherd, Keeys and Allen were holding their conversation, a matter which the court considered to be immaterial: "I have been very lax with you, and I have been permitting it because I sometimes, although I hate to say this, I don't think that you do a good job for your client, and I don't want you to impose upon the Court to this extent, and continuously do it."

The trial attorney was of defendant's own choosing. We have read the record and find that the attorney took an active part in the trial by making appropriate objections, cross-examining extensively, and competently handling defendant as a witness in his own defense. The record shows that the attorney's representation of defendant was adequate. We find nothing to justify the court's remark or the present attorney's claim.

The language in *People* v. *Dupree,* 156 Cal.App.2d 60, 69 [319 P.2d 39], is applicable here: "While the opportunity to try his former lawyer has its undoubted attraction to a disappointed prisoner, the courts are uniform in holding that the claimed absence of effective representation will not be sustained unless the circumstances surrounding the trial indicate a representation so lacking in competence that it becomes the duty of the court to observe and to correct it. Measured by these tests, appellant's claims herein are totally devoid of merit."

The judgment is affirmed.

Peters, P. J., and St. Clair, J. pro tem.,* concurred.

Appellant's petition for a hearing by the Supreme Court was denied December 30, 1958.

*Assigned by Chairman of Judicial Council.