[Crim. No. 7258.   Second Dist., Div. Two.   Oct. 2, 1961.]

THE PEOPLE, Respondent, v. ROY CHAVEZ HIDALGO, Appellant.

Kenneth Cleaver, under appointment by the District Court of Appeal, for Appellant.

Stanley Mosk, Attorney General, and Elizabeth Miller, Deputy Attorney General, for Respondent.

McMURRAY, J. pro tem.*—Defendant was convicted of second degree burglary at a jury trial and his motion for new trial was denied. This appeal is from that judgment of conviction and order denying such motion for new trial.

After appellant's motion to set aside the information made under Penal Code, section 995, was denied, he entered a plea of not guilty to the information and denied allegations of two prior felony convictions set forth therein. At the time his case was first called for trial, appellant was absent and his then counsel was relieved upon motion. When the matter was again called for trial, appellant was in court and his trial was consolidated with that of two other persons, Bernal and Echeverria, charged respectively with burglary and receiving stolen property and counsel for Bernal was appointed to represent appellant. Thereafter appellant admitted the two prior felony convictions charged.

This appeal urges as grounds for reversal that the consolidation of causes of action and defendants for joint trial was improper; that error was committed in admitting evidence of the commission of other crimes by appellant; that the court erred in admitting evidence of a certain telephone conversa-

---

*Assigned by Chairman of Judicial Council.

tion and that the evidence is insufficient to sustain the verdict and judgment against appellant.

█ The consolidation complained of took place when appellant's trial was called. The entire transcript in this regard is set forth in the footnote.[1] The brevity of this portion of the proceedings in and of itself deprives appellant of one ancillary objection he makes: namely, that at the time of the consolidation for trial appellant was not represented by counsel and that therefore, he could not have effectively waived any of his rights as to such consolidation. It would be an overly refined interpretation of these proceedings to hold that because appellant's counsel was not appointed until after the matters were consolidated for trial that appellant was thereby damaged when the entire consolidation and appointment of counsel could have taken no more than moments; especially, where it is apparent that appellant had previously discussed the matter of his representation with counsel before commencement of the trial and thereafter expressly requested that counsel's appointment. Furthermore, it appears throughout the record that appointed counsel ably and vigorously represented appellant through the entire trial and argument on motion for new trial and it would be unwarranted to assume that this same counsel would not have objected to the order of consolidation if he had felt appellant could be prejudiced thereby.

█ A somewhat more substantial argument as to the alleged impropriety of this consolidation for trial is presented, however, which is based upon the asserted unconstitutionality of Penal Code, section 1098,[2] which expressly provides for

---

[1] "THE COURT: These cases are to be tried together? People versus Thomas Anthony Echeverria, Amado Bernal and Roy Chavez Hidalgo. MR. HATCH: People are ready, your Honor. MR. SCHOENHEIT: Defendant Echeverria is ready. THE COURT: These cases have not been consolidated, have they? MR. SCHOENHEIT: I do not believe they have. THE COURT: Is there a motion on the part of the People to consolidate? MR. HATCH: People make a motion to consolidate all three cases for trial. THE COURT: Any objection? MR. SCHOENHEIT: No. THE COURT: The motion is granted. Are you ready to go to trial? MR. SCHOENHEIT: Ready for trial. MR. HATCH: People are ready. THE COURT: Mr. Tyson, you represent Mr. Bernal. Have you talked to Mr. Hidalgo? MR. TYSON: Yes, I have. THE COURT: Do you want to have Mr. Tyson represent you? DEFENDANT HIDALGO: Yes, I do. THE COURT: The Court appoints Mr. Tyson to represent Defendant Hidalgo in this matter."

[2] Section 1098: "When two or more defendants are jointly charged with any public offense, whether felony or misdemeanor, they must be tried jointly, unless the court order separate trials. In ordering separate trials, the court in its discretion may order a separate trial as to one or more defendants, and a joint trial as to the others, or may order any number of the defendants to be tried at one trial, and any number of the

such consolidation. It is argued in support of this proposition that the right to a separate trial is one devolving from established common-law procedural practices and that legislation attempting to impair this alleged right is violative of the due process guaranteed by article I, section 13, of the California Constitution. To bolster this argument appellant cites *People* v. *O'Connor*, 81 Cal.App. 506 [254 P. 630], and *People* v. *Foward*, 134 Cal.App. 723 [26 P.2d 532], which cases were decided prior to the 1955 amendment expressly providing for consolidation for trial even where separate accusatory pleadings are on file, and which hold that by allowing consolidation the trial court exceeded its jurisdiction. However, *People* v. *Shepherd*, 14 Cal.App.2d 513 [58 P.2d 970] and *People* v. *Johns*, 69 Cal.App.2d 737 [160 P.2d 102], held that in the absence of a showing of prejudice such an order was not reversible error. *People* v. *Aguinaldo*, 3 Cal.App.2d 254 [39 P.2d 505], also held that any error committed by consolidation was only procedural and not as stated in *O'Connor* and *Foward*, jurisdictional.

*People* v. *Van Bibber*, 96 Cal.App.2d 273 [215 P.2d 106] also squarely held that such error was procedural only and not jurisdictional. It was in such a framework of case law that the Legislature amended Penal Code, section 1098, to its present form; by so doing it cannot be said to have transgressed the guarantees of article I, section 13, of the Constitution, but rather has merely classified the due process of law applicable to joint or consolidated trials.

Appellant strenuously urges error in the admission of evidence of a robbery by him of certain property of one Clonvocea Gonzales. It was shown that Bernal in renting a truck used in the burglary here had shown as identification a driver's license bearing the name of Clonvocea Gonzales and had signed the rental agreement with that name.

Clonvocea Gonzales was called by the People and testified that appellant had robbed him of his driver's license. Although this did, assuredly, show the commission of another crime by appellant, such testimony was, nevertheless, admissible. ■ The proper test of the admissibility of such evidence showing commission of another crime is succinctly stated in *People* v. *Castellanos*, 157 Cal.App.2d 36 at page 39

others at different trials, or may order a separate trial for each defendant; provided, that where two or more persons can be jointly tried, the fact that separate accusatory pleadings were filed shall not prevent their joint trial."

848

[320 P.2d 152] : "Evidence of . . . other crimes is admissible when not too remote. . . . Any evidence which is necessary, pertinent, and material to proof of the crime charged, or which logically and by reasonable inference tends to establish any fact material to the prosecution, is not inadmissible merely because it may prejudice the accused by proof of his guilt of other crimes." (See also *People* v. *Kostal,* 159 Cal.App.2d 444, 450-451 [323 P.2d 1020] ; *People* v. *Solis,* 193 Cal.App.2d 68, 75 [13 Cal.Rptr. 813] ; *People* v. *Sykes,* 44 Cal.2d 166, 171 [280 P.2d 769].) ■ In the instant case the testimony of Gonzales relating to the robbery fits this rule, the subsequent use of his driver's license in renting a truck admittedly used by Bernal in the burglary logically and by reasonable inference tends to establish a fact material to the prosecution; namely, that appellant furnished such license to Bernal for such purpose, allowing a reasonable inference that appellant aided and abetted Bernal in the burglary. The fact that Bernal testified that he found the driver's license in a washroom wastebasket in a bar did not require the jury to believe him. When the fact that appellant and Bernal were half-brothers is considered, together with Gonzales' testimony as to the robbery, the materiality of that testimony becomes even more lucid.

■ One Torres testified that he received a telephone call from appellant in which Torres was asked to say that a check he had given to appellant for certain flex conduit taken in the burglary was in fact given in payment of a gambling debt. While it is true that Torres equivocated substantially on cross-examination as to the identity of the caller as being appellant, that merely cast doubt upon the weight of such evidence and was a matter properly within the province of the jury. The substance of the conversation constituted an admission of complicity in the crime charged. ■ An extrajudicial admission of an accused, though not amounting to a confession, may be admitted against him after proof of the corpus delicti by independent evidence to show, among other things, a consciousness of guilt. (*People* v. *Reid* (1924), 193 Cal. 491, 494 [225 P. 859] ; *People* v. *Coltrin* (1936), 5 Cal.2d 649, 658 [55 P.2d 1161] ; *People* v. *Hurley* (1957), 151 Cal.App.2d 339, 341 [311 P.2d 49].) ■ The corpus delicti can be established by evidence that the crime was committed by someone, without the necessity of identifying the perpetrator (*People* v. *Davis* (1949), 47 Cal.App.2d 331, 335 [117 P.2d 917] ; *People* v. *Sheeley* (1957), 151 Cal.App.2d 611, 613

[311 P.2d 883]) and, therefore, a prima facie showing that the alleged act was the result of a criminal agency is all that is required. (*People* v. *Williams* (1957), 151 Cal.App.2d 173, 177 [311 P.2d 117]; *People* v. *Bartlett* (1957), 153 Cal.App.2d 574, 579 [314 P.2d 995].)

Prima facie proof of the corpus delicti was shown by evidence other than the extrajudicial admission of appellant.

■ On October 11, 1959, at 4 p. m., steel conduit of the approximate value of $3,000 was on the premises of the burglarized company. On Monday morning, 16 hours later, most of the conduit was gone. There was a broken window at the rear of the plant through which access to the plant could be had, and tire marks on the floor inside showed that a truck had been backed into the plant. These tire marks had not been on the floor when the plant had been closed down for the week end on Saturday, October 10th. The president of the company testified that no one had been given permission to enter the premises and remove any conduit for any purpose. This evidence clearly establishes the fact that a burglary was committed at the time and place alleged in the information. This evidence was amply sufficient to establish the corpus delicti of the crime of burglary. (*People* v. *Howell* (1954), 126 Cal.App.2d 780, 783 [273 P.2d 79]; *People* v. *Hassen*, 144 Cal.App.2d 334, 339 [308 P.2d 80]; *People* v. *Peters* (1957), 149 Cal.App.2d 94, 97-98 [308 P.2d 42].)

The telephone conversation, viewed as an extrajudicial admission of appellant, was, therefore, properly received to connect him with the commission of the crime, or to establish the other elements of the crime, or to show guilty knowledge. (*People* v. *Cullen*, 37 Cal.2d 614, 624-625 [234 P.2d 1]; *People* v. *Wade*, 53 Cal.2d 322, 330 [348 P.2d 116]; *People* v. *Powell*, 34 Cal.2d 196, 203 [208 P.2d 974]; *People* v. *Sheeley*, 151 Cal.App.2d 611, 613 [311 P.2d 883].)

■ By an ingenious presentation of certain of the evidence appellant argues that the evidence was insufficient to support the verdict, but a full reading of the transcript convinces that the rule of *People* v. *Newland*, 15 Cal.2d 678 [104 P.2d 778] is here controlling. That rule is stated at page 681: " ' . . . before the verdict of the jury, which has been approved by the trial court, can be set aside on appeal upon the ground' of insufficiency of the evidence, 'it must be made clearly to appear that upon no hypothesis whatever is there sufficient substantial evidence to support the conclusion reached in the court below.' "

850

The evidence here showed that appellant was in the truck in which the stolen conduit was being transported just a few hours after the burglary had occurred. The driver's license used to rent the truck for the crime had been obtained in a robbery participated in by appellant. Appellant at the bank took possession of the proceeds from the sale of the first portion of the stolen conduit. The check in payment of the second portion of the conduit was made out to appellant and cashed by him. Appellant made a statement during the course of a telephone conversation which showed a consciousness of guilt on his part and tended to connect him with the commission of the crime. Circumstantial evidence of a similar nature has repeatedly been held sufficient to sustain a conviction of burglary. (See *People* v. *Citrino*, 46 Cal.2d 284, 288-289 [294 P.2d 32]; *People* v. *Mercer*, 103 Cal.App. 2d 782, 786, 788-789, 790 [230 P.2d 4]; *People* v. *Nelson*, 126 Cal.App.2d 453, 454 [272 P.2d 536]; *People* v. *Montgomery*, 145 Cal.App.2d 121, 123 [302 P.2d 48].)

The judgment and order appealed from are affirmed.

Fox, P. J., and Ashburn, J., concurred.