[Crim. No. 1592.   Fourth Dist.   Oct. 4, 1961.]

THE PEOPLE, Respondent, v. GEORGE DELBERT
VAN WAGONER, Appellant.

George Delbert Van Wagoner, in pro. per., for Appellant.

Stanley Mosk, Attorney General, and William E. James, Assistant Attorney General, for Respondent.

SHEPARD, J.—Defendant appeals in propria persona from a judgment of conviction pursuant to a verdict of guilty of grand theft. (Pen. Code, § 487.)

### FACTS

Viewing the evidence in the light most favorable to the judgment, as we must (*People* v. *Love*, 53 Cal.2d 843, 850 [1-2] [3 Cal.Rptr. 665, 350 P.2d 705]), the pertinent facts disclosed by the record before us are substantially as follows: Harvey J. Chernack, in September 1960, purchased a 1955 red two-door Chevrolet automobile from defendant. Wednesday, December 28, 1960, at about 6 p. m., Chernack parked the car in front of his parents' home at 3908 Beechwood Drive, Riverside, California. Next afternoon Chernack found his car about half a block away from where he parked it. The special dualquad Carter carburetors, Corvette four-speed syncro-mesh transmission, distributor, air cleaners, drive shaft and numerous wires had been removed. Fair market value of the stolen items was $275 with a replacement cost of $677.50.

Defendant was part owner of the V & R Speed and Sport Shop in Arlington, California, near Riverside. On the morning of December 29, 1960, defendant did not arrive until about an hour after the shop opened. In the meantime Victor DeLorenzo, Jr., an employee, had noticed fresh red paint on the vise and work bench in the shop, and questioned defendant. Defendant at first attempted to brush the questions off, but finally stated that the night before he had taken the four-speed transmission and the carburetors off of Chernack's car. When DeLorenzo said that it was a stupid thing to do, defendant responded that he did not think it would be found out. The newly painted transmission was in the shop loft. On the same day, Kenneth Willie, defendant's partner, saw in the shop the transmission, carburetors and other stolen equipment. Defendant admitted to Willie that he had removed this equipment from Chernack's car the night before. Later

the transmission and carburetors were offered for sale by defendant to Burton Tilden, and Tilden bought the transmission.

Defendant, in his own testimony at the trial presented only a partial alibi for the evening in question. On cross-examination defendant admitted having told DeLorenzo that he had painted the transmission the night before and that he told DeLorenzo to bring it down from the loft. He admitted possession of some of the articles involved, but claimed he got them from other cars. He denied he took them from the Chernack car, and denied that he had made the statements attributed to him by DeLorenzo and Willie. He admitted selling a transmission to Tilden, but denied it was the one that had been in Chernack's car. He admitted taking "a beating" on the sale. Defendant admitted that on arriving at work on the morning of the 29th, he had a conversation with DeLorenzo in which he told DeLorenzo that he had heard about the theft of the transmission from Chernack the night before and imagined the police department would be out to find out about it. This was approximately three hours before the theft was discovered. Defendant admitted two prior felony convictions.

### SUFFICIENCY OF THE EVIDENCE

██ The evidence was clearly sufficient to support the judgment of conviction. ██ Questions relating to the weight of the evidence, the credibility of the witnesses, and resolving of conflicts and inconsistencies in testimony are for the trial court. (*People* v. *Love*, 185 Cal.App.2d 604, 606 [1], 608 [4] [8 Cal.Rptr. 544], and authorities there cited.)

██ The corpus delicti may be established by circumstantial evidence and inferences fairly and reasonably deducible therefrom. ██ The identity of the offender is not a part of the corpus delicti. ██ Once the corpus delicti has been established by independent evidence, defendant's extrajudicial statements may be used to show surrounding circumstances and to identify the defendant as the culprit. (*People* v. *Cole*, 158 Cal.App.2d 183, 185-186 [1-5] [322 P.2d 29].)

██ Defendant now contends that if afforded a new trial he will further perfect his alibi, but he does not say that such evidence was not within his knowledge at the time of the trial, nor that any such evidence is newly discovered. Under such conditions an appellate court would not interfere with

an order denying a new trial, even though one had been made. (*People* v. *Greenwood*, 47 Cal.2d 819, 821 [2] [306 P.2d 427].)
██ Furthermore, it does not appear that any motion for a new trial was made, or that defendant even suggested such additional evidence to the trial court at any time. It furnishes no ground for consideration on appeal at this step of the proceedings. (*People* v. *Williams*, 153 Cal.App.2d 21, 25 [3] [314 P.2d 42], and authorities there cited.)

### Defendant's Appeal Is in Propria Persona

In response to an inquiry by this court addressed to defendant's trial attorney, that attorney has responded that there were no errors of law during the trial, that the verdict was the result of the jury weighing the credibility of witnesses, and that there appeared to be substantial evidence to support the verdict. The attorney general has reviewed the record, filed a memorandum thereof, and finds no trial error. This court, in turn, has read the entire record and, likewise, we are unable to find any prejudicial error. Our review indicates that defendant received a full and fair trial and active and adequate representation by defense counsel.

The judgment is affirmed.

Griffin, P. J., and Coughlin, J., concurred.