[Crim. No. 5191. Second Dist., Div. Two. July 7, 1954.]

THE PEOPLE, Respondent, v. GLENN FORD NELSON, Appellant.

Ernest Best for Appellant.

Edmund G. Brown, Attorney General, and James D. Loebl, Deputy Attorney General, for Respondent.

MOORE, P. J.—This is an appeal from the "judgment and sentence rendered against" the defendant, and from the order denying the motion for a new trial.

There can be no appeal from the sentence, and this purported appeal must be dismissed. (*People* v. *Broady,* 120 Cal.App.2d 901, 902 [262 P.2d 669]; *People* v. *Millum,* 42 Cal.2d 524, 525 [267 P.2d 1039].)

On a Sunday in October, 1953, one Sam Katz, proprietor of the Curb Coffee Shop in Los Angeles, locked his money and checks in a cash box, locked it in his desk, and his manager locked the doors of the shop. Before 5 a. m. of the following morning, the coffee shop was burglarized. Six hundred seventy-two dollars in cash and several checks were taken. Entry had been obtained by boring a hole in the side door, slipping the hand inside, turning the knob of the door. The following Tuesday, October 27, the defendant Nelson cashed one of the stolen checks as payment for repair on his automobile. Shortly thereafter he was arrested on the charge of burglary.

The defendant told the arresting officer that he had won the check in a crap game on Sunday afternoon, October 25, with several persons, none of whom could be named by him. At the trial he stated that there was only "one fellow" involved in the crap game, and that the check was obtained between 10 and 12 o'clock the evening of the 25th. This change was after he was confronted with the proof that the check was in the owner's possession until 5 o'clock on Sunday. He testified that he passed it to the mechanic for repairs to his car on the following Tuesday, but he did not explain the absence of indorsement of the check by the prior possessor and his own failure to indorse it to the mechanic on October 27. He contradicted the officer's testimony that appellant had said he won the check on Sunday afternoon.

 It is true that mere possession of stolen property is not sufficient to connect a defendant with a burglary, it is merely a circumstance that is to be considered by the trier of fact along with the other evidence. There must be other corroborating circumstances such as "failure of the accused to account for such possession . . . inability to find the person from whom defendant claimed to have received the property" and conflicting statements tending to show a consciousness of guilt. The evidence need be but slight provided that it is convincing. When the defendant makes an explanation as to how he came into possession of the stolen property, the question as to whether he is telling the truth rests solely with the trier of facts. (*People* v. *Taylor,* 4 Cal.App.2d 214, 217 [40 P.2d 870].)

Even where there is no direct contradiction of his story, it is still for the jury to say whether he shall be believed. (*People* v. *Russell,* 34 Cal.App.2d 665, 669 [94 P.2d 400]; *People* v. *Conrad,* 125 Cal.App.2d 184, 185, 186 [270 P.2d 31].)

Possession of the check was a corroborative circumstance. (*People* v. *Russell, supra.*)

Defendant's citations of *People* v. *Brittain,* 142 Cal. 8 [75 P. 314, 100 Am.St.Rep. 95], and *People* v. *Barry,* 94 Cal. 481 [29 P. 1026], are both distinguishable. They both define criminal intent in regard to burglary as perpetrated during business hours.

The appeal from the sentence is dismissed.

The judgment and the order denying a motion for a new trial are affirmed.

McComb, J., and Fox, J., concurred.