[Crim. No. 5712.   Second Dist., Div. Two.   Nov. 16, 1956.]

THE PEOPLE, Respondent, v. EARL HUNTER, Appellant.

Cary G. Branch for Appellant.

Edmund G. Brown, Attorney General, and Norman H. Sokolow, Deputy Attorney General, for Respondent.

ASHBURN, J.—Defendant appeals from "the sentence and judgment" herein. He was convicted of violation of section 11500, Health and Safety Code, through a sale of narcotics. The jury also found to be true a charge of two prior felony convictions which defendant had denied.

Appellant does not claim insufficiency of evidence but complains of the instructions and alleged misconduct of the deputy district attorney. The facts are simple. On February 28, 1956, at about 9:45 p. m., Officer David M. Means, Jr., of the Narcotics Squad of the Los Angeles City Police, conversed with an unknown man outside the Twentieth Century Café. They entered together. The stranger pointed at defendant who was standing near the back of the room. Means, in plain clothes, approached defendant who said, "give me the bread," which in narcotics parlance means, "give me the money." Means handed him two $5.00 bills and two $1.00 bills, whereupon defendant turned and started toward the rear of the café while counting the money. He shortly returned and handed Means a small white paper "bindle" or package of heroin. Means, accepting the same, said, "You aren't going to burn me?" which, when translated, means "You aren't going to give me something other than narcotics." Defendant said, "I don't deal that way." Means left, took

the heroin with him and preserved it as evidence. In the course of some 15 to 20 minutes he met Officer Gutierrez, with whom he was working. He described defendant to Gutierrez in such manner that the latter was able to identify him when he saw defendant a little later that same evening. Means also told Gutierrez what had happened in the café between him and defendant and that he had paid him $12; this hearsay was brought out by defense counsel on cross-examination. Gutierrez then went to the café, saw defendant, asked him to identify himself and this the defendant did. About a week later officer Means saw defendant in front of the Golden State Hotel and tried to buy a narcotic from him —asked if he had any ''stuff''—and was told, ''No, but I will have some in about ten minutes.'' Means did not wait but made a purchase from another suspect. Defendant on the witness stand denied all the salient portions of Means' and Gutierrez' testimony. However, he admitted the two previous felony convictions, one a robbery and burglary, the other a manslaughter. The jurors believed the officers rather than the defendant.

Appellant argues first that the court should have given upon its own motion a cautionary instruction such as is required in rape and sex perversion cases. It has been held that such an instruction is not requisite in a murder case (*People* v. *McCracken,* 39 Cal.2d 336, 349 [246 P.2d 913]), or a prosecution for contributing to delinquency of a minor (*People* v. *Deibert,* 117 Cal.App.2d 410, 425 [256 P.2d 355]; *People* v. *Reznick,* 75 Cal.App.2d 832, 839 [171 P.2d 952]), or a forgery case (*People* v. *Robinson,* 102 Cal.App.2d 800, 807 [228 P.2d 583]). The requirement of such an instruction has not been extended beyond the sex cases and there is nothing about the instant cause to suggest the necessity or propriety of such an instruction.

Appellant argues that there was error in giving an instruction designated as Caljic instruction 52 Alternate. The pertinent paragraph thereof is set forth in the margin.[1]

[1] ''The character of the witnesses, as shown by the evidence, should be taken into consideration for the purpose of determining their credibility, whether or not they have spoken the truth. The jury may scrutinize the manner of witnesses while on the stand, and may consider their relation to the case, if any, and also their degree of intelligence. A witness is presumed to speak the truth. This presumption, however, may be repelled by the manner in which he testifies; his interest in the case, if any, or his bias or prejudice, if any, for or against any of the parties; by the character of his testimony, or by evidence affecting his character for truth, honesty or integrity, or by contradictory evidence. A witness

The phrase, "or by evidence affecting his character for truth, honesty or integrity," of which appellant complains, certainly was not harmful although no testimony of bad reputation had been introduced. The conviction of two felonies was enough to fill this measure and the fact that such evidence was separately mentioned in the instruction does not spell prejudice.

Appellant also complains of this language: "A witness may be impeached also by evidence that at other times he has made statements inconsistent with his present testimony as to any matter material to the cause on trial." This language was not necessary, indeed not appropriate, because no such evidence of inconsistent statements had been received, but it cannot be said that it was misleading or prejudicial. "Error cannot be predicated upon an isolated phrase, sentence or excerpt taken from the instructions given by the trial judge since, in order to determine the correctness of the charge to the jury, its different parts must be considered in their relations to and with each other and in the light of the instructions as a whole and whether a jury has been correctly instructed is not to be determined from a consideration of a part of an instruction or one particular instruction but from the entire charge of the court (*People* v. *Monteverde,* 111 Cal.App.2d 156 [244 P.2d 447])." (Fricke on California Criminal Procedure, fourth edition, p. 318.) See also, to the same effect, 24 Cal.Jur. § 113, pp. 859-860. If there were any error in this instruction it could not be said to have effected a miscarriage of justice to this defendant who is manifestly guilty.

Complaint is made of the following instruction: "In arriving at a verdict in this case, you shall not discuss or consider the subject of penalty or punishment, as that is a matter which lies with the court and other governmental agencies, and must not in any way affect your decision as to the innocence or guilt of the defendant." There is no error here. This is the type of case in which the matter of penalty is not appropriate for the jury's consideration because they have no part in fixing the same. (*People* v. *Ramos,* 3 Cal.2d 269, 272-273 [44 P.2d 301]; *People* v. *Bruno,* 49 Cal.App. 372, 376 [193 P. 511]; 8 Cal.Jur. § 411, p. 380.) This in-

---

may be impeached also by evidence that at other times he has made statements inconsistent with his present testimony as to any matter material to the cause on trial; and a witness may be impeached also by proof that he has been convicted of a felony."

struction does not carry the suggestion that defendant should be found guilty, as counsel argues. Moreover, it is to be read in conjunction with the instructions set forth in the margin.[2]

The charge of misconduct on the part of the deputy district attorney is unfounded. In the course of his argument he referred to defendant as one who "has been a County peddler here." Essentially that was the charge upon which he was being tried. The evidence was ample to prove it, and there was no impropriety in asserting the fact in the argument to the jury.

The attempted appeal from the sentence is dismissed. (*People* v. *Nelson,* 126 Cal.App.2d 453 [272 P.2d 536] ; *People* v. *Millum,* 42 Cal.2d 524, 525 [267 P.2d 1039].)

The judgment is affirmed.

Moore, P. J., and Fox, J., concurred.

---

[2] "If in these instructions any rule, direction or idea be stated in varying ways, no emphasis thereon is intended by me, and none must be inferred by you. For that reason, you are not to single out any certain sentence, or any individual point or instruction, and ignore the others, but you are to consider all the instructions as a whole, and are to regard each in the light of all the others."

"A defendant in a criminal action is presumed to be innocent until the contrary is proved, and in case of a reasonable doubt whether his guilt is satisfactorily shown, he is entitled to an acquittal, but the effect of this presumption is only to place upon the State the burden of proving him guilty beyond a reasonable doubt."