[No. C052069. Third Dist. July 19, 2007.]

THE PEOPLE, Plaintiff and Respondent, v.
ROBERT SCOTT HOLMES, Defendant and Appellant.

**[CERTIFIED FOR PARTIAL PUBLICATION*]**

*Pursuant to California Rules of Court, rule 8.1110, this opinion is certified for publication with the exception of parts II and III.

540

---

COUNSEL

Gregory L. Cannon, under appointment by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer, Attorney General, Mary Jo Graves, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Julie A. Hokans and Peter W. Thompson, Deputy Attorneys General, for Plaintiff and Respondent.

Opinion

**MORRISON, J.**—A jury convicted defendant Robert Scott Holmes of battery on a spouse, a misdemeanor (Pen. Code, § 243, subd. (e)(1); undesignated section references are to this code; count 3) and false imprisonment by violence or menace (§§ 236, 237), a lesser included offense of the charged offense of kidnapping (§ 207, subd. (a); count 1). The jury deadlocked on a charge of criminal threats (§ 422; count 2) which was dismissed at sentencing. In bifurcated proceedings, the trial court found three prior prison term allegations (§ 667.5, subd. (b)) to be true.

At sentencing, the trial court struck the prior prison term allegations pursuant to section 1385. For the false imprisonment by violence or menace offense, the court sentenced defendant to state prison for the midterm of two years and imposed a $400 restitution fine and a $400 parole revocation restitution fine. For the misdemeanor battery offense, the court granted probation for a term of five years subject to 90 days in jail concurrent with his prison sentence and imposed a $100 restitution fine and a $100 probation revocation restitution fine.

Defendant appeals. He contends (1) the trial court's instructions lessened the prosecutor's burden of proof, and (2) his sentence for misdemeanor battery was barred by section 654. We reject defendant's contentions. The Attorney General notes that the probation term for the misdemeanor offense exceeds the maximum allowed (§ 1203a). We agree and will reduce the probation term to three years. The Attorney General suggests that the imposition of two restitution fines for a felony conviction and a misdemeanor conviction in one proceeding constitutes an unauthorized sentence. (§ 1202.4, subd. (b).) We disagree.

## FACTS

On October 29, 2005, Tera Holmes, defendant's spouse, was in Cottonwood for her grandmother's estate sale. Unbeknownst to Tera, defendant followed her and made a telephone call to her from the front yard of her grandmother's house, where Tera was staying. Tera told defendant she wanted to end their relationship. They argued over the telephone and then defendant left. Later that evening, defendant called her again and they agreed to meet at the home of Cheymaine Shoulders, defendant's cousin, who lived near Shasta College.

Defendant and Tera met at Shoulders's home and Shoulders let them inside. The three talked in the kitchen for awhile and then defendant and Tera went into the living room. Initially, defendant and Tera calmly talked about

their relationship. When Tera told defendant she planned to leave him, defendant became angry and hit Tera on the side of her jaw with his closed fist. They yelled at one another, Shoulders asked them to leave and they did.

Tera walked outside to get into her car. Defendant ordered her to get into his white Ford Expedition truck. Tera did not want to and ran into the street. Defendant followed her, grabbed her and took her back to his truck. He opened the passenger door, Tera got inside and he shut the door. Defendant got into the driver's side and they left. Tera claimed she did not willingly go with defendant and believed she had no choice. She told defendant to let her out and he angrily responded that she should call her mother and tell her goodbye. He also told her if he could not have her, no one would. Tera was frightened and believed defendant would hurt her physically.

Defendant drove on Lake Boulevard towards the dam. When defendant stopped at a traffic light at the intersection of Lake Boulevard and Market Street, Tera jumped out of the truck and frantically knocked on the window of the car in the next lane, claiming defendant was trying to kill her and asking to get inside the car. Kellsey Moffitt and Ruth Thomas were in the car. Moffitt described Tera as hysterical, crazy and desperate. They let Tera inside their car. Tera dove into the backseat and yelled, "Go. Drive, go." Thomas sped away with defendant in pursuit. They were able to evade defendant and drove into an apartment complex parking lot. Moffitt called 911 on a cell phone.

Tera told the dispatcher defendant "was trying to drive me off the fucking dam"; she asked the dispatcher to send someone immediately; she had jumped out of the car into a stranger's car; defendant was following them; defendant "is trying to fucking kill me"; defendant told her to call her mother and say goodbye; defendant "fucking flipped out" when she told him to "get the fuck out of my house"; defendant "was choking" and hitting her; defendant threatened to kill them both if she left him; and defendant dragged her out of Shoulders's house.

After several minutes of waiting in the parking lot, the three women ran to Moffitt's apartment. Redding Police Officer Brian Berg saw a white Ford Expedition pull into a Blockbuster parking lot close to the apartment complex parking lot. When defendant got out, Officer Berg approached defendant. When asked about his involvement in an argument, defendant admitted that he had been in an argument with Tera at Shoulders's house and that Shoulders asked them to leave when the argument got loud. Officer Berg smelled alcohol on defendant's person but the officer did not believe defendant was intoxicated.

Officer Berg then met Tera at Moffitt's apartment. Tera was crying, appeared to be extremely upset, and her clothing was disheveled. Officer Berg smelled alcohol on Tera's person but did not believe she was intoxicated. Tera explained that defendant had punched her with his fist six times in the face and neck and told her he was taking her to the dam. Tera claimed she was frightened for her life. Although Officer Berg observed no marks on Tera's face or neck, Moffitt and Thomas claimed Tera had red marks on the right side of her neck.

At trial, Tera testified that defendant did not say anything about going to the dam. She did not recall defendant assaulting or choking her in the truck or telling Officer Berg or the dispatcher that defendant had choked her in the truck. She estimated that she had had five beers during a two-hour period about two or three hours before meeting defendant at Shoulders's house and did not believe she was drunk when she arrived. She may have had a beer at Shoulders's house. She admitted on cross-examination that her judgment may have been impaired because of the amount of alcohol she drank.

Shoulders testified defendant and Tera sat next to one another on the couch in the living room and talked in low tones. Shoulders never saw defendant strike Tera. When their conversation got a bit louder, Shoulders suggested that they leave if they were going to argue. They did so. Shoulders believed that Tera left voluntarily.

## DISCUSSION

### I

Defendant first contends that the trial court's instructions lessened the prosecutor's burden of proof. Defendant focuses on two words, "rather than," in two sentences of the court's instructions based on Judicial Council of California Criminal Jury Instructions (2006–2007) CALCRIM No. 3517: "The [P]eople have the burden of proving beyond a reasonable doubt that the defendant committed kidnapping *rather than* a lesser offense." And, "The People have the burden of proving beyond a reasonable doubt that the defendant committed kidnapping or false imprisonment by violence or menace *rather than* a lesser offense of false imprisonment." (Italics added.)

Defendant claims his conviction for false imprisonment by violence or menace "must be reversed because the trial court's instructions phrased the prosecutor's burden of proof in a comparative manner rather than simply instructing the jury that they must find all of the elements necessary to support a conviction on the lesser offense beyond a reasonable doubt." We reject his contention.

Defense counsel did not object and in fact expressly agreed to the court instructing in the language of CALCRIM No. 3517. However, the issue is not waived because defendant raises an issue regarding the burden of proof implicating his substantial rights. (*People v. Carpenter* (1997) 15 Cal.4th 312, 380–381 [63 Cal.Rptr.2d 1, 935 P.2d 708].)

CALCRIM No. 3517 instructs the jury on deliberations and the manner in which to complete verdict forms; it is not the primary instruction on the prosecution's burden of proof. We set forth the instruction in full in the margin, emphasizing the two words defendant challenges on appeal.[1] We conclude that defendant's reading of the language is not reasonable.

---

[1] The trial court instructed the jury in the modified language of CALCRIM No. 3517 as follows:

"Count 1 charges that the defendant committed kidnapping. The offense of attempted kidnapping is a lesser offense of kidnapping. The offense of false imprisonment by violence or menace is a lesser offense of kidnapping. The offense of false imprisonment is a lesser offense of false [imprisonment] by violence, or menace. You have been given one verdict form for each offense. You may consider these different offenses in whatever order you wish.

"I'm going to explain how to complete the verdict forms using one order, but you may choose the order you use. As with all the charges in this case, to return a verdict of guilty or not guilty on an offense, you must all agree on that decision. If you all agree that the people have not proved that the defendant committed any of these offenses, then you must complete each verdict form stating that he is not guilty.

"If you all agree that the people have proved that the defendant is guilty of kidnapping, complete the verdict form stating that the defendant is guilty of that offense. Do not complete the other verdict forms for the lesser offenses. You cannot find the defendant guilty of both kidnapping and the lesser offenses of attempted kidnapping and false imprisonment by violence or menace, and false imprisonment.

"If you all [agree] that the defendant is not guilty of kidnapping, but you agree that the people have proved that the defendant is guilty of attempted kidnapping, you must do two things. First, complete the verdict form stating that the defendant is not guilty of kidnapping; then complete the verdict form stating that the defendant is guilty of attempted kidnapping. Do not complete the verdict form stating that the defendant is guilty of attempted kidnapping unless you all agree that the defendant is not guilty of kidnapping.

"If you all agree that the defendant is not guilty of kidnapping, but you agree that the people have proved *that the defendant is guilty of false imprisonment by violence or menace, you* must do two things. First, complete the verdict form stating that the defendant is not guilty of kidnapping, then complete the verdict form stating that the defendant is guilty of false imprisonment by violence or menace. Do not complete the verdict form stating that the defendant is guilty of false imprisonment by violence or menace unless you all agree that the defendant is not guilty of kidnapping. Do not complete the other verdict form for the other lesser offense.

"The people have the burden of proving beyond a reasonable doubt that the defendant committed kidnapping *rather than* a lesser offense. If the people have not met this burden, you must find the defendant not guilty of kidnapping. If you all agree that the defendant is not guilty of kidnapping and not guilty of false imprisonment by violence or menace, but you agree that the people have proved that the defendant is guilty of false imprisonment, you must do two things.

"First, complete the verdict form stating that the defendant is not guilty of kidnapping and not guilty of false imprisonment by violence or menace; second, complete the verdict form

■ In reviewing a challenge to an instruction, we consider the instructions as a whole, in light of one another, and do not single out a word or

---

stating that the defendant is guilty of false imprisonment. Do not complete the verdict form stating that the defendant is guilty of false imprisonment unless you all agree that the defendant is not guilty of kidnapping and not guilty of false imprisonment by violence or menace.

"The people have the burden of proving beyond a reasonable doubt that the defendant committed kidnapping or false imprisonment by violence or menace *rather than* the lesser offense of false imprisonment. If the people have not met this burden, you must find the defendant not guilty of kidnapping and not guilty of false imprisonment by violence or menace.

"Count 2 charges that the defendant committed a criminal threat. The offense of attempted criminal threat is a lesser offense of criminal threat. You have been given one verdict form for each offense. You may consider these different offenses in whatever order you wish. I'm going to explain how to complete the verdict forms using one order, but you may choose the order to use.

"As with all the charges in this case, to return a verdict of guilty or not guilty on an offense, you must all agree on that decision. If you all agree that the people have not proved that the defendant committed any of these offenses, then you must complete each verdict form stating that he is not guilty. If you all agree that the people have proved that the defendant is guilty of a criminal threat, complete the verdict form stating that the defendant is guilty of that offense. Do not complete the other verdict[] forms for the lesser offense.

"You cannot find the defendant guilty of both a criminal threat and the lesser offense of attempted criminal threat.

"If you all agree that the defendant is not guilty of a criminal threat, but you agree that the people have proved that the defendant is guilty of attempted criminal threat, you must do two things:

"First, complete the verdict form stating that the defendant is not guilty of a criminal threat, then complete the verdict form stating that the defendant is guilty of attempted criminal threat. Do not complete the verdict form stating that the defendant is guilty of attempted criminal threat unless you all agree that the defendant is not guilty of a criminal threat.

"The people have the burden of proving beyond a reasonable doubt that the defendant committed a criminal threat rather than the lesser crime. If the people have not met this burden, you must find the defendant not guilty of a criminal threat.

"Count 3 charges that the defendant committed a battery upon spouse. The offense of assault is a lesser offense of battery upon spouse. You have been given one verdict form for each offense. You may consider these different offenses in whatever order you wish. I'm going to explain how to complete the verdict[] forms using one order, but you may choose the order you use.

"As with all the charges in this case, to return a verdict of guilty or not guilty of an offense, you must all agree on that decision. If you all agree at that the people have not proved that the defendant committed any of these offenses, then you must complete each verdict form stating that he is not guilty.

"If you all agree that the people have proved that the defendant is guilty of a battery upon a spouse, complete the verdict form stating that the defendant is guilty of that offense. Do not complete the other verdict forms for the lesser offense. You must find the defendant—strike that. You cannot find the defendant guilty of both a battery upon a spouse and the lesser offense of assault.

"If you all agree that the defendant is not guilty of a battery upon a spouse, but you agree that the people have proved that the defendant is guilty of assault, you must do two things: First, complete the verdict form stating that the defendant is not guilty of a battery upon a

phrase, and " 'assume that the jurors are intelligent persons and capable of understanding and correlating all jury instructions which are given.' " (*People v. Yoder* (1979) 100 Cal.App.3d 333, 338 [161 Cal.Rptr. 35].) Defendant fails to set forth the other instructions given. He thus does not properly analyze the issue. As the Attorney General correctly contends, the record reflects that the trial court repeatedly instructed the jury on the prosecution's burden of proof as "beyond a reasonable doubt." (CALCRIM Nos. 220 [reasonable doubt], 224 [circumstantial evidence: sufficiency of the evidence], 355 [defendant's right not to testify], 359 [corpus delicti: independent evidence of a charged crime].) CALCRIM No. 3517 as well instructs the jury that the prosecution's burden of proof is beyond a reasonable doubt. We conclude that defendant has failed to demonstrate that a reasonable juror interpreted CALCRIM No. 3517 in the manner he claims. We find no instructional error.

### II, III*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

### IV

The trial court imposed a $400 restitution fine and a $400 parole revocation restitution fine for the felony conviction and a $100 restitution fine and a $100 probation revocation restitution fine for the misdemeanor conviction. The Attorney General suggests that the imposition of two restitution fines in one proceeding constitutes an unauthorized sentence. We find no error.

Section 1202.4, subdivision (b) provides:

"(b) In every case where a person is convicted of a crime, the court shall impose a separate and additional restitution fine, unless it finds compelling and extraordinary reasons for not doing so, and states those reasons on the record.

"(1) The restitution fine shall be set at the discretion of the court and commensurate with the seriousness of the offense, but shall not be less than two hundred dollars ($200), and not more than ten thousand dollars

spouse, then complete the verdict form stating that the defendant is guilty of assault. Do not complete the verdict form stating that the defendant is guilty of assault unless you all agree that the defendant is not guilty of a battery upon [a] spouse.

"The people have the burden of proving beyond a reasonable doubt that the defendant committed a battery upon a spouse rather than the lesser offense. If the people have not met this burden, you must find the defendant not guilty of battery upon a spouse." (Italics added.)

*See footnote, *ante*, page 539.

($10,000), if the person is convicted of a felony, and shall not be less than one hundred dollars ($100), and not more than one thousand dollars ($1,000), if the person is convicted of a misdemeanor.

"(2) In setting a felony restitution fine, the court may determine the amount of the fine as the product of two hundred dollars ($200) multiplied by the number of years of imprisonment the defendant is ordered to serve, multiplied by the number of felony counts of which the defendant is convicted."

█ Where a defendant has been convicted of several felony offenses in one proceeding, a restitution fine is not imposed on "*each* count" but instead one fine is imposed taking into account all the offenses in the proceeding; this proposition is based on the language of section 1202.4, subdivision (b) which states that in "*every case* where a person is convicted of a crime, the court shall impose a separate and additional restitution fine," and then sets forth a formula for calculating the total amount. (Italics added.)

█ Here, defendant was convicted of a felony and a misdemeanor. He was sentenced to state prison for the felony and granted probation for the misdemeanor. Section 1202.45 requires a parole revocation restitution fine when a defendant is sentenced to prison and is subject to parole.[5] Defendant is not subject to parole for the misdemeanor and is thus not subject to a parole revocation restitution fine for the misdemeanor. █ Section 1202.44 requires a probation revocation restitution fine when a defendant is granted probation and includes a period of probation.[6] Defendant is not subject to probation for the felony and is thus not subject to a probation revocation restitution fine for the felony.

Here, the court could not impose a restitution fine in the amount of $500 to cover both the felony and the misdemeanor because the parole or probation

---

[5] Section 1202.45 provides: "In every case where a person is convicted of a crime and whose sentence includes a period of parole, the court shall at the time of imposing the restitution fine pursuant to subdivision (b) of Section 1202.4, assess an additional parole revocation restitution fine in the same amount as that imposed pursuant to subdivision (b) of Section 1202.4. This additional parole revocation restitution fine shall be suspended unless the person's parole is revoked. Parole revocation restitution fine moneys shall be deposited in the Restitution Fund in the State Treasury."

[6] Section 1202.44 provides: "In every case in which a person is convicted of a crime and a conditional sentence or a sentence that includes a period of probation is imposed, the court shall, at the time of imposing the restitution fine pursuant to subdivision (b) of Section 1202.4, assess an additional probation revocation restitution fine in the same amount as that imposed pursuant to subdivision (b) of Section 1202.4. This additional probation revocation restitution fine shall become effective upon the revocation of probation or of a conditional sentence, and shall not be waived or reduced by the court, absent compelling and extraordinary reasons stated on record. Probation revocation restitution fines shall be deposited in the Restitution Fund in the State Treasury."

revocation restitution fine had to be in the same amount. In view of sections 1202.4, 1202.44 and 1202.45, we conclude that the trial court did not err in imposing the restitution fines separately for the felony and misdemeanor. We also note that the total amount of the separate fines did not exceed the statutory maximum.

## DISPOSITION

The judgment is modified, reducing the probation term for misdemeanor battery on a spouse to three years. As modified, the judgment is affirmed.

Sims, Acting P. J., and Nicholson, J., concurred.