Filed 11/13/23  P. v. Logan CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E080358 |
| v. | (Super.Ct.No. FVI22001026) |
| DAVION ELISHA LOGAN, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  John P. Vander Feer, Judge.  Affirmed with directions.

Rex Adam Williams, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

1

## INTRODUCTION

Defendant Davion Elisha Logan appeals from his conviction for second degree burglary (Pen. Code,[1] § 459), following a jury trial. We appointed counsel to represent defendant on appeal, and counsel filed an opening brief raising no arguable issues. (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*); *Anders v. California* (1967) 386 U.S. 738 (*Anders*).) Defendant was invited to submit a supplemental brief on his own behalf, but he has not done so. We affirm with directions.

## BACKGROUND

On January 10, 2022, Arthur Gonzales, who lived alone in San Bernardino, arrived home from work about 5:00 in the afternoon, entering through the front door and using a key to unlock it. Upon entering, he heard the television was on and the shower was running, so he thought someone had broken into his house, and went to the kitchen where he grabbed a knife. A box of cereal was on the counter in the kitchen and a bowl of cereal—that had not been there when he left for work in the morning—was on the coffee table in the living room.

Gonzalez went into the bathroom and saw defendant getting out of the shower. Gonzales told defendant to turn around and get on his knees, grabbed defendant by the hair, put the knife to his throat, and called the police. Gonzales assumed defendant had gained entry to the residence through the bathroom window because he found the window open with the screen on the windowsill.

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

Officer Hollister arrived at the house and arrested defendant in the bathroom. He saw a shoe print on the toilet seat cover below the window that was identical to the footwear defendant had. In the kitchen, the officer found a bowl of cereal and milk in the sink, while in the living room, the television was on.

Gonzalez had found defendant in his house the evening before, watching television and eating cereal, and, at that time, Gonzalez threw him out, telling him not to come back.

On June 7, 2022, the People filed an information charging defendant with first degree burglary. (§ 459.) On August 11, 2022, the jury found defendant guilty of second degree burglary.

On December 9, 2022, after considering the report of the probation officer, the court denied probation and sentenced defendant to county jail for two years.

On December 14, 2022, defendant filed a notice of appeal.

## DISCUSSION

At his request, this court appointed counsel to represent defendant on appeal. Counsel has filed a brief under the authority of *Wende*, *supra*, 25 Cal.3d 436 and *Anders*, *supra*, 386 U.S. 738, setting forth a statement of the case, a summary of the facts and potential arguable issues, and requesting that we undertake an independent review of the entire record. We offered defendant an opportunity to file a personal supplemental brief, but he has not done so.

Because this is defendant's first appeal as of right, and pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have independently reviewed the record for

potential error. There is substantial evidence to support the conviction for burglary, and the instructions given to the jury were proper. The court did not abuse its discretion by ruling that evidence of defendant's prior uncharged offense was admissible pursuant to Evidence Code section 1101, subdivision (b). Further, the two-year sentence pursuant to Penal Code section 1170, subdivision (h), being the middle term, was proper. (Pen. Code, §1170, subd. (b)(1).)

The only irregularity we have found relates to the clerk's corrected minute order from the December 9, 2022 sentencing hearing. The minutes from the sentencing hearing do not clearly reflect that, as part of the sentence in the instant felony, a disposition had been reached in two pending and trailing matters, case Nos. FVI22001032 and MVI22004309, in which the prosecutor agreed to dismiss the charges in return for defendant's waiver pursuant to *People v. Harvey* (1979) 25 Cal.3d 754. For this reason, it was confusing to read in the minute order that a probation restitution fine, previously suspended, was to be imposed in this case pursuant to section 1202.44 in the amount of $300.00. This is in error.

According to the People's sentencing memorandum, defendant suffered convictions in 2018 and 2019 for which he was placed on probation, and he violated probation in 2019. But defendant's probation was then terminated in 2021 pursuant to Assembly Bill No. 1950. At the time of sentencing on the current matter, defendant had two active cases trailing the instant case, a felony and a misdemeanor. Therefore, at the time of sentencing, defendant had no violations of probation pending, and the sentencing court did not revoke probation in any case relating to defendant. In the oral

4

pronouncement of judgment, the trial court did not impose any previously suspended probation revocation restitution fines.

Because probation was denied when the court imposed sentence for the current matter, defendant is not subject to probation for the felony and therefore is not subject to a probation revocation restitution fine for the current offense. (*People v. Holmes* (2007) 153 Cal.App.4th 539, 547.) As for the trailing cases, the record shows the People made a motion to dismiss those cases subject to defendant's *Harvey* waiver, so he is not on probation for either of them.

Thus, our independent review of the record cannot identify a basis for any order imposing a suspended probation revocation restitution fine, pursuant to section 1202.44, although perhaps the clerk intended to refer to the parole revocation restitution fine that is normally suspended unless or until parole is revoked, as provided by section 1202.45, subdivision (b). That includes a provision to assess an additional postrelease community supervision revocation restitution fine or mandatory supervision revocation restitution fine in the same amount as that imposed pursuant to subdivision (b) of Section 1202.4. Given that defendant was sentenced to two years in county prison, subject to postrelease supervision, this suspended restitution fine would be applicable. We therefore direct the clerk of the court to prepare an amended sentencing minute order.

We are satisfied that defendant's attorney has fully complied with the responsibilities of counsel and no arguable substantive issue exists, aside from the error in the clerk's minutes. (*People v Kelly*, *supra*, 40 Cal.4th at p. 126; *Wende*, *supra*, 25 Cal.3d at pp. 441-442.)

5

**DISPOSITION**

The judgment is affirmed with directions to the clerk of the superior court to amend the minutes of the December 9, 2022 sentencing hearing to reflect that two pending cases, case Nos. FVI22001032 and MVI22004309, were dismissed upon defendant's waivers pursuant to *People v. Harvey, supra*, 25 Cal.3d 754, to allow the court to consider the dismissed cases for purposes of setting restitution and/or restitution fines. The clerk should further amend the minutes to delete reference to the imposition of a previously suspended restitution fine pursuant to section 1202.44, and to instead indicate the imposition of a parole revocation restitution fine pursuant to section 1202.45, subdivision (b), to be suspended unless defendant violates parole.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ
P. J.

We concur:

FIELDS
J.

RAPHAEL
J.

6